**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-4004

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

AMOS ELWOOD BARKER,

             Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (2:07-cr-00029-1)

Submitted: August 11, 2008          Decided: August 28, 2008

Before TRAXLER and SHEDD, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jacqueline A. Hallinan, HALLINAN LAW OFFICES, PLLC, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Joanne Vella Kirby, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Amos Elwood Barker pled guilty to one count of bank robbery by use of dangerous weapon and device, 18 U.S.C. § 2113(a), (d) (2000) (Count Two), and was sentenced within the advisory guideline range to a term of 135 months imprisonment. Barker appeals his sentence, contending that the district court clearly erred in finding that he was a leader in the offense, that he attempted to obstruct justice, and that he failed to accept responsibility for his conduct. U.S. Sentencing Guidelines Manual §§ 3B1.1(c), 3C1.1, 3E1.1 (2007). Barker also questions the reasonableness of his sentence. We affirm.

Evidence presented at the sentencing hearing supported the district court's findings that Barker planned and carried out several robberies, and asked Cynthia Cole Ackley, his girlfriend, to drive him to and from the banks he robbed. There was also evidence that, after Ackley began to cooperate with authorities, Barker attempted to persuade her to change her story and deny that either of them were involved in the robberies. On this evidence, the district court did not clearly err in finding that Barker was a leader in the offense, or that he attempted to obstruct justice. United States v. Sayles, 296 F.3d 219, 224 (4th Cir. 2002) (standard of review); United States v. Rashwan, 328 F.3d 160, 166 (4th Cir. 2003).

An adjustment for obstruction of justice "ordinarily indicates that the defendant has not accepted responsibility," except in "extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." USSG § 3E1.1, comment. (n.4). Barker does not claim that his is an extraordinary case where both adjustments may apply, and the record does not provide any basis for such a conclusion. Therefore, we conclude that the district court did not clearly err in refusing Barker an adjustment under § 3E1.1.

Finally, Barker states that he wishes "to preserve his objection to being sentenced to a greater than necessary sentence predicated on U.S.S.G. calculations," citing Gall v. United States, 128 S. Ct. 586 (2007), and United States v. Booker, 543 U.S. 220 (2005). We understand this to be a challenge to the reasonableness of his sentence. Because the sentence was within the guideline range, we afford it a presumption of reasonableness, which Barker makes no effort to rebut. See Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding rebuttable presumption of reasonableness for within-guideline sentence). Therefore, we are satisfied that the sentence was reasonable, and the district court did not abuse its discretion in imposing it.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED